IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RUDY FABIAN, and FABIAN LEGAL
SERVICES, LLC.,

        Plaintiffs,

v.

RICHARD E. SHENKAN, and SHENKAN
INJURY LAWYERS, LLC.,

        Defendants.

19cv0582
ELECTRONICALLY FILED

**MEMORANDUM ORDER**

Before the Court is Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (ECF 15) and Brief in Support of same. ECF 17 and ECF 18. Plaintiffs filed a Response and Defendants filed a Reply, making the matter ripe for adjudication. The Court will grant in part and deny in part the Motion to Dismiss for the reasons set forth below.

Because the Court writes primarily for the Parties, the facts of this case, as pled in the Amended Complaint, will be truncated and accepted as true solely for the purposes of deciding the pending Motion.

Plaintiffs had experience in class action litigation and paired with the Defendants on certain class action cases. ECF 15, ¶ 12-14. Although both Defendants and Plaintiffs were lawyers, the Parties failed to reduce their working relationship, and most importantly, the remuneration between them for cases they worked together, to a written contract. ECF 15, ¶ 17. However, the Parties agreed either orally (and/or by their conduct) that Plaintiffs would be paid for their work by Defendants. ECF 15, ¶ 18.

The case before this Court arises out of the work the Parties performed on a class action case they reference as "*Maszgay.*" Plaintiffs in this case attached a written brief in support of an uncontested motion for the approval of the *Maszgay* settlement agreement to their Amended Complaint. ECF 15-1. That brief, which was submitted to the Pennsylvania Court of Common Pleas for Jefferson County, indicates that both Plaintiffs and Defendants (and a third attorney) contributed their legal expertise to resolving the *Maszgay* matter, and asserts that the combined attorneys' fees (using the aggregate lodestar) totaled $1,270,237.50. Id.

The Amended Complaint in the instant case matter avers that the Court of Common Pleas granted final approval of the *Maszgay* settlement, and using a 2.3 multiplier to create an "enhanced lodestar," awarded $2.92 million in attorney's fees. ECF 15, ¶ 35-36. According to the Amended Complaint in this case, Defendants were paid $2.92 million in attorneys' fees in the *Maszgay* matter in September of 2018, and Plaintiffs essentially claim they have received their fair share of the $2.92 million attorneys' fees.

Count I of Plaintiffs' Amended Complaint seeks a declaration from this Court that Defendants are judicially estopped from assuming any position in the instant case contrary to their prior representation before the Pennsylvania Court of Common Pleas concerning the attorneys' fees paid in the *Marszgay* matter. Count II of Plaintiffs' Amended Complaint seeks damages in the amount of $1,334,522.75, which represents the amount set forth in the written brief in support of an uncontested motion for the approval of the *Maszgay* settlement agreement submitted to the Court of Common Pleas (less $45,000 which Defendants received, to date, from Plaintiffs). Count II is predicated upon a theory of q*uantum meruit.*

In their Brief in Support of their Motion to Dismiss this case, Defendants argue that Count II of the Complaint must be dismissed because a there <u>was</u> an express agreement between

the Parties. Defendants contend that because an express agreement exists, Plaintiffs are not entitled to the equitable relief they demand in Count II. Defendants equate the *quantum meruit* claim with a claim for unjust enrichment, and thus label Plaintiffs' *quantum meruit* claim one seeking equitable relief.

However, no such express agreement was attached to the Amended Compliant, and Defendants failed to attach any such express agreement to their Motion, Brief in Support, or Reply Brief. Rather, Defendants argue in both of their Briefs that Plaintiffs conceded that an express agreement existed, in their Amended Complaint at paragraph 18 which reads, "[Plaintiffs] and [Defendants] did agree that in addition to making regular payments to [Plaintiffs], [Defendants] would pay to [Plaintiffs] a portion of the fees received when a case settled . . . .". ECF 15 and ECF 22. Defendants also note that the Amended Complaint avers that Defendants made periodic payments to Plaintiffs for four years. Id.

Under Pennsylvania law, a contract may be manifested orally, in writing, or as an inference from the acts and conduct of the parties. Under Pennsylvania law, the doctrine of unjust enrichment is inapplicable when the relationship between the parties is founded upon a written agreement or express contract. . . . *Grudkowski v. Foremost Ins. Co.,* 556 F. App'x, 165, 169–170 (3d Cir. 2014), quoting *Wilson Area Sch. Dist. v. Skepton,* 895 A.2d 1250 (2006).

Simply stated, if an express or written contract exists then an unjust enrichment claim will fail as a matter of law. Because Plaintiffs will be required to prove the same elements for their *quantum meruit* claim as they would for an unjust enrichment claim (*see Allegheny Gen. Hosp. v. Philip Morris, Inc*., 228 F.3d 429, 447 (3d Cir. 2000))[1], then Plaintiffs' *quantum meruit*

---

[1] The elements for *quantum meruit* and unjust enrichment claims are: "[(1)] benefits are conferred on one party by another, [(2)] appreciation of such benefits by the recipient, and [(3)] the acceptance and retention of these benefits under the circumstances such that it would be inequitable or unjust for the recipient to retain the benefits without payment of value." Id. at 447 (quoting 16 Summ. Pa. Jur.2d

3

claim would be barred if an express contract between Plaintiffs and Defendants in this case existed.

At this juncture of the legal proceedings pending before this Court, no Party has produced any evidence of an express or written agreement. In addition, the Amended Complaint does not offer any facts to support a finding that an express or written agreement exists between the Parties. To the contrary, the facts as pled by Plaintiffs in the Amended Complaint suggest that the agreement at issue in this case was an implied and/or oral. For this reasons, Defendants' argument for dismissal of Count II of the Amended Complaint fails and their Motion to Dismiss will be denied as to Count II.

Next, Defendants argue that Count I of the Amended Complaint, which seeks a declaration that Defendants are judicially estopped from assuming any position contrary to the position set forth in the Pennsylvania Court of Common Pleas submission for fees in the *Maszgay* matter, should be dismissed. Defendants contend that the doctrine of judicial estoppel is a rule of evidence and not a cause of action. Plaintiffs, in response to Defendants, state "so what?" and contend that they are entitled to a federal declaration preventing Defendants from stating that Plaintiffs are entitled to receive less in fees than what was set forth in the state court submission.

The Supreme Court of Pennsylvania has defined judicial estoppel and its appropriate application "[a]s a general rule, a party to an action is estopped from assuming a position

---

Commercial Law, § 2.2 (1994)); *Mill Run Assoc. v. Locke Prop. Co*., 282 F.Supp.2d 278, 293 (E.D.Pa. 2003). In *Burton Imaging Grp. v. Toys "R" Us, Inc*., 502 F. Supp. 2d 434, 440 (E.D. Pa. 2007), the District Court noted, "*Quantum meruit* creates an implied promise between parties in the absence of a contract in order to prevent unjust enrichment. 16 Summ. Pa. Jur.2d Commercial Law § 2:16 (2006). "[N]o one who benefits by the labor and materials of another should be unjustly enriched thereby, so the law implies a promise to pay a reasonable amount for labor and materials furnished . . . . " *Id*., § 2:2. A 'benefit' is 'any form of advantage.' *Id*."

4

inconsistent with his or her assertion in a previous action, if his or her contention was successfully maintained." *Trowbridge v. Scranton Artificial Limb Company*, 560 Pa. 640, 747 A.2d 862, 864 (2000). The purpose of judicial estoppel is "to uphold the integrity of the courts by 'preventing parties from abusing the judicial process by changing positions as the moment requires.'" *Id*., at 865. Judicial estoppel may be imposed only if: "(1) the party to be estopped is asserting a position that is irreconcilably inconsistent with one he or she asserted in a prior proceeding; (2) the party changed his or her position in bad faith, *i.e.*, in a culpable manner threatening to the court's authority or integrity; and (3) the use of judicial estoppel is tailored to address the affront to the court's authority or integrity." *Montrose Med. Grp. Participating Sav. Plan v. Bulger*, 243 F.3d 773, 777–78 (3d Cir. 2001).

Judicial estoppel looks to the connection between the litigant and the judicial system while equitable estoppel focuses on the relationship between the parties to the prior litigation. *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 419 (3d Cir. 1988). Privity and detrimental reliance – prerequisites for the application of equitable estoppel – are not required for invocation of judicial estoppel. *Ryan Operations G.P. v. Santiam–Midwest Lumber Co*., 81 F.3d 355, 360 (3d Cir.1996). Collateral estoppel is used to protect the finality of judgments and to conserve judicial resources, see *Dici v. Pennsylvania*, 91 F.3d 542, 547 (3d Cir.1996), whereas judicial estoppel is concerned solely with protecting the integrity of the courts, see *Klein v. Stahl GMBH & Co.*, 185 F.3d at 109. Although collateral estoppel may not be employed unless the underlying issue was actually litigated, *see Witkowski v. Welch*, 173 F.3d 192, 198–99 (3d Cir.1999), there is no such requirement for the use of judicial estoppel, *see Anjelino v. New York Times Co.*, 200 F.3d 73, 100 (3d Cir. 2000).

Although Plaintiffs in the instant lawsuit are free to argue as a matter of evidence that Defendants are judicially estopped from taking a position contrary to a position which they pled in a state court action, the Defendants are correct in contending that the doctrine of judicial estoppel cannot form the basis for a declaratory judgment claim. Therefore, Count I of Plaintiffs' Amended Complaint – which asks this Court to declare as a matter of law that Defendants are judicially estopped from arguing that Plaintiffs' cannot be awarded fees in any amount less than what was set forth in a state court brief – is inappropriate. As a result, the Court will grant Defendants' Motion as to Count I. However, in so doing, this Court is not precluding Plaintiffs from arguing the application of judicial estoppel with respect to their viable *quantum meruit* claim set forth in Count II.

**ORDER OF COURT**

AND NOW, this 4th day of September, 2019, Defendants' Motion to Dismiss is GRANTED IN PART as to Count I, and DENIED IN PART as to Count II of Plaintiffs' Amended Complaint. Defendants shall file their Answer to the remaining portions of the Amended Complaint by no later than September 22, 2019.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Court Judge

cc: All ECF Counsel of Record