IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RUDY FABIAN, FABIAN LEGAL SERVICES, LLC.,

        Plaintiffs/Counterclaim Defendants,

v.

RICHARD E. SHENKAN, SHENKAN INJURY LAWYERS, LLC.,

        Defendants/Counterclaim Plaintiffs.

19cv0582

ELECTRONICALLY FILED

**MEMORANDUM ORDER**

Before the Court are Defendants' Motion to Enforce Subpoena and for Sanctions (ECF 43) and Brief in Support (ECF 44). Also before the Court are Plaintiffs' Motion to Modify Subpoena (ECF 45) and Brief in Support (ECF 46), which this Court construes as a Response to Defendants' Motion filed at ECF 43. Finally, Defendants filed a Response to the Plaintiffs' Motion (ECF 50), which this Court construes as a Reply to Plaintiffs' Response filed at ECF 43. Thus, the issues raised concerning the Subpoena at issue are ripe for disposition. Both the Motion to Enforce and the Motion to Modify will be granted in part and denied in part.

**Standard of Review**

Rule 26 of the Federal Rules of Civil Procedure establishes a liberal discovery policy. *Great West Life Assurance Company v. Levithan*, 152 F.R.D. 494, 497 (E.D. Pa. 1994). Discovery is generally permitted of any items that are relevant or may lead to the discovery of relevant information. *Hicks v. Big Brothers/Big Sisters of America*, 168 F.R.D. 528, 529 (E.D. Pa. 1996). However, even though "the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits." *Stabilus v. Haynsworth, Baldwin,*

*Johnson, and Greaves, P.A.*, 144 F.R.D. 258, 265 (E.D. Pa. 1992). Discovery is not permitted when a request is made in bad faith, is unduly burdensome, irrelevant to the general subject matter of the action, or relating to confidential or privileged information. *Ruddy v. Polaris Indus., Inc.*, No. 17-CV-423, 2019 WL 319805, at *2 (M.D. Pa. Jan. 24, 2019)

Rule 45 of the Federal Rules of Civil Procedure regulates discovery directed to non-parties in a lawsuit. Fed.R.Civ.P. 45. Generally, "only the non-parties whom were served with the subpoenas may move to have them quashed[.]" *Davis v. General Accident Ins. Co. of America*, No. 98–4736, 1999 WL 228944, at *2 (E.D. Pa. April 15, 1999) (citations omitted). An exception to this rule permits a party to move to quash when it "claims 'some personal right or privilege in respect to the subject matter of a subpoena duces tecum directed to a nonparty.'" *Id.*, quoting *Dart Indus., Inc. v. Liquid Nitrogen Proc. Corp. of Cal.*, 50 F.R.D. 286, 291 (D. Del. 1970). A subpoena may also be quashed or modified when that subpoena fails to allow a reasonable time to comply and/or if that subpoena requires disclosure of privileged or protected matter, assuming no waiver or exception applies. Fed.R.Civ.P. 35(d)(3)(A)(i) and (iii).

**Discussion**

Defendants properly note that neither Plaintiffs nor the non-party accountants filed a Motion to Quash or Modify the subpoena which Defendants served on Plaintiffs' accountants. Only after Defendants filed their Motion to Enforce Subpoena did Plaintiffs respond by filing a Motion to Modify Subpoena. While this Court does not take any position as to whether Plaintiffs' very late Motion to Modify is, in fact, time barred, the Court concurs with Defendants that Plaintiffs' failure to timely request modifications to the scope of the subpoena is dubious.

That said, the Court notes that the Subpoena requests that Plaintiffs' accountants produce all federal and state tax returns from 2015 "through 2019, inclusive." ECF 44-1. Given that tax

year 2019 has not yet been completed, any request for any tax returns from 2019 is premature. Accordingly, the Motion to Enforce the portion of the subpoena requesting Plaintiffs' 2019 tax returns is DENIED.

Next, the Subpoena at issue also demands "[a]ll documents relating to or concerning any of the subject tax returns, including but not limited to all bank statements, all credit card statements, all receipts of any expenses, and all e-mails sent to or received by Jon Rosenberg, Rosenberg Accountancy, LLC., Fabian Legal Services, LLC., and/or Rudy Fabian.[,]" and "[a]ll IRS 1099 and W-2 forms relating to either Rudy Fabian or Fabian Legal Services, LLC, for the years 2009 through 2019, inclusive." [ECF 44-1](). Again, given that tax year 2019 has not yet been completed, any request for documents upon which the 2019 tax returns will be based, and any 1099 or W-2 form issued for tax year 2019 which have not yet been provided to Plaintiffs or Plaintiffs' accountant is a premature request. Accordingly, the Motion to Enforce that portion of the subpoena relating to the documentation upon which the 2019 tax returns will be prepared is DENIED. However, any 1099 forms or W-2 forms for tax year 2019 relating to either Rudy Fabian or Fabian Legal Services, LLC, which are currently in the possession of Plaintiffs' accountants, must be produced.

The Subpoena is to be honored in all other respects, and to the entity to whom the subpoena is addressed is hereby ORDERED to comply with the production of documents by no later than Monday, December 16, 2019 at 5 pm. The Court declines to impose sanctions as requested by Defendants' Motion to Enforce.

SO ORDERED, this 12th day of December, 2019.

 s/   Arthur J. Schwab
United States District Judge


cc:	All ECF Registered Counsel of Record