IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RUDY FABIAN, FABIAN LEGAL SERVICES, LLC.,

    Plaintiffs/Counterclaim Defendants,

v.

RICHARD E. SHENKAN, SHENKAN INJURY LAWYERS, LLC.,

    Defendants/Counterclaim Plaintiffs.

19cv0582
ELECTRONICALLY FILED

_____

RICHARD E. SHENKAN, SHENKAN INJURY LAWYERS, LLC.,

    Plaintiffs,

v.

RUDY FABIAN, FABIAN LEGAL SERVICES, LLC.,

    Defendants.

19cv1520
ELECTRONICALLY FILED

**MEMORANDUM ORDER**

Before the Court is Shenkan's Second Motion to Compel ([ECF 98](#)) and Brief in Opposition to same. [ECF 101](#). The Court, after careful consideration of the issues raised in the Second Motion to Compel and the Brief in Opposition now GRANTS IN PART AND DENIES IN PART the Second Motion to Compel Discovery and ORDERS as follows:

    1.    Fabian shall immediately deliver the password to the laptop Shenkan provided. Although the Court is well aware from Shenkan's previously filed pleadings and other documents submitted to this Court that Shenkan had access to the contents of the laptop at issue, Shenkan is entitled to the password. Accordingly, the Court GRANTS Shenkan's Second

Motion to Compel Discovery on this narrow matter and ORDERS Fabian to produce and deliver the password to Shenkan by no later than NOON on January 31, 2020.

2. Shenkan is not entitled to any information relating to Fabian's current employer, including his current employer's name. Fabian brought the initial lawsuit (19-cv-0582) to obtain additional remuneration from Shenkan for work Fabian allegedly performed for Shenkan. Shenkan's lawsuit against Fabian (19-cv-1520), sought an "expedited declaration" from this Court indicating (*inter alia*) that Fabian had and has no right to a share of the attorneys' fees generated from any of "Shenkan's cases." The discovery relating to Fabian's current employer sought by Shenkan is not relevant to either dispute. Thus, the Court DENIES Shenkan's Second Motion to Compel Discovery in this respect.

3. Shenkan is likewise not entitled to any information relating to what other attorneys paid Fabian for his time. As noted above, and by the Parties in their pleadings and many other Court submissions and filings, these cases concern what Shenkan agreed to pay Fabian for his legal services. What Fabian received as remuneration from any other employer is of no moment in these cases. For this reason alone, the Court DENIES Shenkan's Second Motion to Compel Discovery related to Request for Production No. 8 and 13.

4. Finally, the Court DENIES Shenkan's Motion to Strike Fabian's General Objections, specifically the attorney-client privilege or attorney work product doctrine. However, to the extent that Fabian has withheld any documents on these bases, the Court ORDERS Fabian to produce and deliver a privilege log to Shenkan by no later than NOON on January 31, 2020.

SO ORDERED, this 30th day of January 2020.

s/ Arthur J. Schwab
United States District Judge

cc: All ECF Registered Counsel of Record